David L. Mazaroli
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF            :    ECF CASE
NORTH AMERICA,
                                          :
            Plaintiff,                         12 Civ. 3295 (AJN)
                                          :
    - against -                                **COMPLAINT**
                                          :
FDX-CALIBER LOGISTICS; FEDEX
SUPPLY CHAIN SERVICES, INC.; FEDERAL      :
EXPRESS CORPORATION; FEDEX
CORPORATION d/b/a/ FEDEX;                 :

            Defendants.                   :

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1. Plaintiff Indemnity Insurance Company of North America ("IINA") sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of AstraZeneca Pharmaceuticals LP. Plaintiff also sues for and on behalf of the shipper, consignee and owner of the cargo as their interest may appear.

2. Defendants FDX-Caliber Logistics, FedEx Supply Chain Services, Inc., Federal Express Corporation, FedEx Corporation d/b/a FedEx (collectively referred to herein as "FedEx" or "defendants") are believed to be corporations organized under the laws of certain of the fifty states and at all material times maintained a statutorily

required registered agent for service of process at 111 Eighth Avenue, 13th Floor, New York, New York 10011.

3. In addition FedEx maintains offices and places of business for shipping services in multiple locations within the Court's jurisdiction, including 33 Howard Street, New York, NY 10013.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and, to the extent the carriage involved or contemplated road transport, is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

5. Concurrently there is pendent, ancillary and supplement jurisdiction as to certain aspects of the claim in suit.

6. Upon information and belief defendants at all material times conducted business within the State of New York as common carriers of cargo for hire, including with respect to the pick up, carriage and delivery of cargo, and the provision of services related thereto, and are subject to the *in personam* jurisdiction of this Court.

7. This action involves damage to a shipment of pharmaceutical products described as Brilinta tablets (hereinafter also referred to as "the Shipment") which moved or was intended to move from Memphis, Tennessee, to Aurora, Colorado, as described more fully in bill of lading number 80771315 dated on or about August 5, 2011, and others.

8. Said damage was the result of defendants' reckless failure to properly carry and care for the shipment during the subject interstate transportation and their

fundamental breaches of, and unreasonable deviations from, the governing carriage contract.

9. The damage to the Shipment was not caused by the inherent nature of the goods shipped.

10. The damage to the Shipment was not caused by events which would constitute, or give rise to, an "Act of God" defense or exception to liability.

11. The damage to the Shipment was not caused by events which would constitute an, or give rise to, "Act of Public Enemy" defense or exception to liability.

12. The damage to the Shipment was not caused by events which would constitute an "Act of Public Authority" defense or exception to liability.

13. The damage to the Shipment was not caused by the fault of any shipper or owner of the goods shipped.

14. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, have sustained damages in the amount of $57,879.92, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable without limitation of any kind.

15. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

16. Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of them under the premises.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally.

    a. for the sum of $57,879.92;

      b.     for prejudgment interest at the rate of 9% per annum;

      c.     for the costs of this action;

      d.     for such other and further relief as this Court deems proper and just.

Dated:  New York, New York
         April 18, 2012

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 2G-2149